■  HUGH CLARK, Appellant-Respondent, v. THOMAS CUNNINGHAM et al., Doing Business as FAY'S INN, Respondents-Appellants, and ASPHALT STONE PRODUCTS, INC., Respondent.— AULISI, J.  Appeal by deceased plaintiff's attorney from that part of an order of the Supreme Court at Special Term, Albany County, dated October 4, 1965 which denied a motion, to remove the action against defendant Asphalt Stone Products, Inc., from the Deferred Calendar to the Day Calendar. Defendants Cunningham appeal from that part of the same order which granted the motion to remove the deceased plaintiff's action against them from the Deferred Calendar to the Day Calendar. Before plaintiff's death on November 4, 1961 his actions against both defendants were consolidated. On March 3, 1963, no personal representative as yet having been appointed for deceased, an order issued abating the action should no personal representative continue it within six months. This order was pursuant to a show cause order brought on by the attorney for defendant Asphalt Stone Products, Inc., and it was served on the attorney for the Cunninghams and on deceased plaintiff's attorney as directed by the court. At calendar call on December 18, 1964 the court noted that the action had abated as to Asphalt Stone Products, Inc. (presumably because that defendant procured the abatement order), but held the action as against the Cunninghams on the Deferred Calendar upon representations by the deceased plaintiff's attorneys that a representative would soon be appointed. A similar disposition was made at a calendar call in April, 1965 the court giving deceased plaintiff's attorney until December, 1965 to produce a representative. In July, 1965 a representative was appointed by the Surrogate. Without moving to have the representative substituted in this action, the attorney for deceased plaintiff moved as to both defendants to have the action put on the Day Calendar. The motion was denied as to Asphalt Stone Products, Inc., and granted as to the Cunninghams. It is our opinion, there never having been an order of substitution in this case, that the order appealed from, and the deceased plaintiff's attorney's notice of appeal from that part of the order denying his motion, are nullities and without effect and the appeal must be dismissed (Lord v.

*Sherman,* 18 A D 2d 1029, 1030; *Reoux* v. *Reoux,* 14 A D 2d 648; *Solomon* v. *Kittay,* 11 A D 2d 725). We also conclude that as to the appeal by the Cunninghams protesting the removal of the action against them to the Day Calendar, that part of the order must be reversed. Any question as to the validity and effect of the abatement order of March 3, 1963 is not before us on this appeal and we do not purport to pass on that aspect of the case except to note that the posture of the parties remains as it did after that order was issued deceased's attorney's activities since that time having been without any authority or effect. Appeal from that part of the order denying motion to remove the action as to defendant Asphalt Stone Products, Inc., from the Deferred Calendar to the Day Calendar dismissed, without costs. That part of the order removing the action as to defendants Cunningham to the Day Calendar reversed, without costs. Herlihy, J. P., Reynolds and Taylor, JJ., concur.